UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Brian Keith Munns, | ) | C/A No. 6:19-cv-02401-BHH-JDA |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Greenville Police Department, Officer A.S. Smith, Sumter County Sheriff Department, Officer Colonel Bryant, | ) ) ) ) | |
| Defendants. | ) ) | |

Brian Keith Munns ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Fourth Amendment rights under the United States Constitution. Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons explained below, the Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center. [Doc. 1 at 3.] This action arises from Plaintiff's arrest on February 8, 2019, at the Sumter County Sheriff's Department in Americus, Georgia. [*Id*. at 6–7.] Plaintiff contends that he was arrested without probable cause and is being illegally detained. [*Id*. at 6–8.] According to Plaintiff, in November or December of 2017, the Sumter County Sheriff's Department asked him to come in to "redo some papers" because Plaintiff is on the sex offender registry. [*Id*. at 8.] Plaintiff contends that this was done to

get him into the Sheriff's Department and, once there, he was presented to officers from the Greenville Police Department ("GPD")[1]. [*Id*.] Officer Smith and two other officers from GPD told Plaintiff that he was not under arrest. [*Id*.] However, they presented a show of force and authority that made Plaintiff feel as though he was not free to go. [*Id*.] Major Monts, the officer in charge of the sex offender registry, insisted that Plaintiff speak with Officer Smith about an unsolved murder that happened in Greenville in 1988. [*Id*.] Plaintiff believed that, because he felt arrested in that office and was surrounded by officers with weapons, he was not free to leave. [*Id*.] Plaintiff contends that when he was finally leaving, the officers stopped him and forced him, by way of a court order, to allow them to take a DNA sample through a mouth swab. [*Id*.]

Plaintiff claims that each of the named Defendants violated his Fourth Amendment rights by participating in the arrest, which he claims was done without probable cause. [*Id*. at 6.] Plaintiff contends that he was arrested under warrant numbers 2019A2320600133 and 2019A2320600134, but asserts that those warrants were issued without probable cause. [*Id*.] Plaintiff claims that GPD has dismissed those charges and that GPD is now holding him on other charges, which he contends are also without probable cause because they are the "fruits of the poisonous tree." [*Id*.] According to Plaintiff, no one had probable cause to arrest him and Defendant Bryant stated to Plaintiff that there was no probable cause for his arrest. [*Id*. at 8.]

---

[1] It is unclear from the allegations in the Complaint whether Plaintiff is referring to the Greenville County Sheriff's Office, the Greenville City Police Department, or some other law enforcement entity. Plaintiff lists the address for GPD as 4 McGee Street, which is the address for both the Greenville County Sheriff's Office and the Greenville City Police Department.

For his injuries, Plaintiff asserts that he has suffered physical stress, mental stress, loss of his job, loss of wages, loss of companionship, weight fluctuation resulting from stress, and worsening diabetes. [*Id*. at 9.] For his relief, Plaintiff seeks actual damages in the amount of $2 million and punitive damages in the amount of $4 million, both as a result of Defendants' "reckless disregard for the truth and a reckless and malicious disregard for [his] Constitutional [r]ights and the great hardship that this has caused upon [his] life and family." [*Id*.]

The Court takes judicial notice that Plaintiff has been charged in the Greenville County Court of General Sessions with the following offenses, which remain pending against him at this time: (1) murder at case number 2019A2320601614; (2) first degree burglary at case number 2019A2320601616; (3) armed robbery at case number 2019A2320601618; and (4) possession of a weapon during a violent crime at case number 2019A2320601620. *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by Plaintiff's first and last name) (last visited Aug. 29, 2019); *see also Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The Court also takes judicial notice that Plaintiff was charged with the following two offenses in February 2019 in the Greenville County Court of General Sessions, which were both dismissed on the basis of prosecutorial discretion on May 16, 2019: (1) possession of a stolen vehicle at case number 2019A2320600133; and (2) accessory after the fact at case number 2019A2320600134.

## **STANDARD OF REVIEW**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff appears to be a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not

mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff contends that Defendants violated his Fourth Amendment rights. [Doc. 1 at 5.] Specifically, Plaintiff alleges that Defendants arrested him without probable cause. [*Id*. at 6–8.] Despite this contention, the Complaint is subject to summary dismissal for the reasons below.

**Plaintiff's Claims are Barred by *Heck***

The Complaint as a whole should be dismissed because it is legally frivolous. A finding of frivolousness can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, under

5

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989).

The crux of this action appears to be a challenge to Plaintiff's arrest for murder and other charges and his incarceration in the Greenville County Detention Center. For his relief, Plaintiff purports to seek money damages for the allegedly unlawful arrest and incarceration at the Greenville County Detention Center.[2] To the extent Plaintiff is seeking release from custody, such relief is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (explaining a challenge to the duration of confinement is within the core of habeas corpus).

Further, to the extent that Plaintiff is seeking money damages based on his allegedly unlawful arrest and incarceration, his claim is premature because his conviction and sentence have not been invalidated. As noted, Plaintiff was arrested and is being detained in the Greenville County Detention Center on charges of murder, first degree burglary, armed robbery, and possession of a deadly weapon. The Complaint is completely devoid of any allegations that Plaintiff's conviction or sentence has been overturned.

In *Heck*, the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

---

[2]It is unclear whether Plaintiff is also challenging the search conducted pursuant to the court order requiring the DNA mouth swab. In any case, such a claim would fail for the same reasons explained herein.

6

> actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 481. Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement, which Plaintiff has not alleged he has satisfied. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. Plaintiff seems to allege that Defendants acted improperly by unlawfully arresting him without probable cause and holding him in the Greenville County Detention Center. [Doc. 1 at 4–6.] However, Plaintiff does not allege that he has been convicted or that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's § 1983 claim would imply that the pending charges against him are invalid. Thus, this § 1983 claim should be dismissed because a right of action has not accrued.[3]

**Abstention under *Younger***

---

[3] The limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, No. 0:10-cv-0443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. Apr. 15, 2010), *Report and Recommendation adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

7

Further, Plaintiff's claims related to his pending state court criminal action are not properly before this Court based on the *Younger* abstention doctrine and are therefore subject to summary dismissal. Liberally construed, the Complaint appears to assert that the pending state court criminal proceedings against Plaintiff are improper, violating Plaintiff's constitutional rights. [Doc. 1 at 4–6.] Granting Plaintiff's requested relief, however, would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff. As discussed below, because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with it.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (en banc) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432

(1982)). Here, Plaintiff is involved in ongoing state court criminal proceedings related to his arrest for murder and other charges, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied. The second element is satisfied for reasons the Supreme Court has explained: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010). This Court finds that Plaintiff can adequately raise his federal constitutional rights in the state court proceedings. Thus, this Court should abstain from hearing this action. Because Plaintiff appears to seek relief from the pending state court criminal proceedings against him, his claims should be dismissed with prejudice. *See Nivens v. Gilchrist*, 444 F.3d 237,

9

247 (4th Cir. 2006) (explaining that "when a district court abstains from a case based on *Younger*, it should typically dismiss the case with prejudice; not on the merits").[4]

### RECOMMENDATION

In light of all the foregoing, it is recommended that the District Court dismiss this action without issuance and service of process.[5] See *Neitzke*, 490 U.S. at 324–25. **Plaintiff's attention is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

August 30, 2019
Greenville, South Carolina

---

[4] The Court further notes that some of the Defendants may also be entitled to dismissal from this § 1983 action on the basis of Eleventh Amendment immunity. However, because the allegations as a whole in the Complaint are subject to dismissal for the reasons stated above, the Court need not address this additional basis for dismissal.

[5] The undersigned notes that any attempt to cure the deficiencies in the Complaint would be futile for the reasons stated herein. See *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015). In light of the allegations in the Complaint, together with the state court records, the Court finds that no set of facts can support Plaintiff's asserted claim for relief.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).